IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

In Re:

CARMEN MARIA IBARRA ORTEGA

Case No: 18-01414-MCF

Chapter 13

Debtor(s)

DEBTOR'S OBJECTION TO CLAIM NO. 2-1
OF AAFES/MILITARY STAR/EXCHANGE

To the Honorable Court:

COMES NOW Debtor Carmen Maria Ibarra Ortega, through the appearing attorney, and very respectfully state(s) and request(s) as follows:

1. On May 10, 2018, Creditor AAFES/Military Star/Exchange (hereinafter, "Military Star") filed a Proof of Claim, registered as Claim #2-1, on account of "goods sold." (See Claim Register # 2-1).

2. Military Star's Claim No. 2-1 for a total of $3,393.10 of credit card purchases pretends to be secured in the total amount of $133.22, and contains the following attachments: (1) a Limited Power of Attorney authorizing Bass and Associates, P.C. to execute and file its Proof of Claim; (2) copy Debtor´s Military Star Credit Card Application Sheet; (3) two printout pages titled "Transaction Details"; (4) copy of the Military Star Account Statement ending on October 7, 2014; and (5) copy of their credit program disclosures (See Claim Register # 2-1).

3. After review of the attached documents, it is evident that Military Star's claim is wholly unsecured, inasmuch as none of such documents can establish that a security interest was perfected over any items purchased by Debtor.

4. For Military Star to have any security interest over the personal property, i.e., merchandise purchased by Debtor, it would have to establish that it complied with applicable Puerto Rico law governing such security interests, namely, the Puerto Rico Commercial Transaction Act's applicable provisions.[1] See In re Ortiz, 295 B.R. 158, 161-62 (B.A.P. 1st Cir. 2003). Namely, the

---

[1] 19 P.R. Laws Ann. §§ 2212-2409. "[T]he provisions of the Commercial Transactions Act apply to  "A

security agreement must unequivocally state that Military Star: (2) would retain recourse against clearly described personal goods; and (2) would have the right to repossess the specific collateral item in case of default, with such statement immediately before the parties' signatures. See Ortiz, 158 B.R. at 163-65. "A financing statement with a list of collateral and invoices for goods sold and delivered not sufficient to act as a security agreement[.]" Ortiz, 158 B.R. at 162-63, citing In re Arctic Air, Inc., 202 B.R. 533 (Bankr.D.R.I. 1996). Furthermore, if the legal requirements are not met, the documents' recordation in an official property registry does not create an enforceable security agreement. Ortiz, 158 B.R. at 162.

5. The documents attached to Military Star's Proof of Claim No. 2-1 do not even constitute a financing statement, but consist of a computer printout stating "transaction details", with no clear description of the purchased items, an account statement, as well as the Credit Application, Limited Power of Attorney and some miscellaneous contractual clauses. Even if the items were considered properly described at the moment of the transaction, which is denied, the agreement at issue does not comply with the requirement that the statement of the purported right to repossess be stated in the line immediately before the parties' signatures. For such reason, the documents at issue do not establish the perfection of any security interest opposable to third parties under Puerto Rico law, for such claim to be considered secured by any of Debtor's property. In light of all foresaid, Military Star's Claim No. 2-1 must be reclassified as completely unsecured, and receive pro-rata distribution with the rest of unsecured creditors.

**Wherefore** Debtor very respectfully requests this Honorable Court to grant the instant objection to Claim No. 2-1 by Military Star and reclassify its claim as completely unsecured.

**NOTICE**

Within thirty (30) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed.R.Bank.P. 9006(f), if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S.

---

transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract." 19 P.R. Laws Ann. § 2219(1)(a)." See In re Ortiz, 295 B.R. 158, 161 (B.A.P. 1st Cir. 2003). Puerto Rico has not adopted the Uniform Commercial Code in its entirety. *The Commercial Transactions Act* adopted only portions of Articles 5, 7, 8 and 9 of the Uniform Commercial Code. *The Commercial Transactions Act* became effective January 1, 1998. Id.

Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the objection will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. If you file a timely response, the Court may – in its discretion – schedule a hearing.

CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** I hereby certify that this motion has been filed through the Court's CM/ECF system, which will notify the U.S. Trustee, Standing Chapter 13 Trustee, José R. Carrión, and that a copy of this motion has been served by regular U.S. Mail on this same date to AAFES/Military Star/Exchange, to the address included with its Proof of Claim No. 2-1, and all Creditors and Parties in Interest to their respective addresses of record as they appear in the attached master address list to the address of record, if any are not registered CM/ECF system participants.

RESPECTFULLY SUBMITTED.

In Caguas, Puerto Rico, today, July 25, 2018.

s/ Edgardo Veguilla González

Edgardo Veguilla González
USDC No. 219912
Attorney for Debtor(s)
30 Calle Padial Suite 244
Caguas PR 00725
Tel. (787) 704-3737
edgardoveguilla@gmail.com